THOMAS F. MAHER, trustee, *vs.* AGNES S. KEZER & others.

Essex. November 3, 1959. — January 11, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Trust,* Use of principal. *Devise and Legacy,* Use of principal of trust fund.

Under a will establishing a residuary trust of both real and personal property to allow a woman, "who has so well and faithfully cared for . . . [the testator and his] home for many years, to have the free use and income of . . . [the] homestead . . . and the income of . . . [his residuary] personal property . . . during her lifetime"; authorizing the trustee, if the "income of this trust fund be insufficient for her comfortable support and maintenance and keeping . . . [the] homestead in good repair . . . to use from the principal of said personal property whatever may be necessary for those purposes"; and authorizing the trustee to sell the real estate and directing that the proceeds of such a sale "shall become and be held as part of this trust and expended under the same rules and conditions as apply to the rest of the trust fund," the trustee was empowered to make payments for the comfortable support and maintenance of the life beneficiary from principal derived from a sale of the real estate.

PETITION, filed in the Probate Court for the county of Essex on November 21, 1958.

The case was heard by *Phelan,* J.

*Thomas F. Maher,* stated the case.

*Philip M. Cronin,* for the respondent Ipswich Hospital Corporation.

COUNIHAN, J. The controversy in this suit arises out of a petition for instructions in the Probate Court for Essex County by the succeeding trustee under the will of Wilfred P. Adams. The respondents were Agnes S. Kezer, the Ipswich Hospital Corporation, and the Attorney General of the Commonwealth.

The petitioner sought instructions on the question whether "the trustee under the will of . . . Wilfred P. Adams [is] empowered to invade the principal derived from the sale of the real estate of said trust and to pay sums therefrom for the comfortable support and maintenance of . . . Agnes S. Kezer." The hospital filed an appearance and an answer asserting that the trustee had no such power. After hearing a final decree was entered adjudging that the trustee was empowered to invade the principal derived from the sale of real estate and to pay therefrom for the comfortable support and maintenance of Agnes S. Kezer, from which the hospital appealed. The suit comes before us upon an agreed record. There was no error.

The record shows that Wilfred P. Adams died on March 14, 1940, leaving a will which was allowed. The pertinent provisions of the will are, "6th: All the rest, residue and remainder of my property, *both real, personal or mixed,* wherever situate, of which I may die seized and possessed or to which I may be in any way entitled at the time of my decease, I give, devise and bequeath to my said Trustees, Agnes S. Kezer and John A. Marshall, in trust, however, for the following purposes: To allow Agnes S. Kezer, *who has so well and faithfully cared for me and my home for many years, to have the free use and income of my homestead* where I now reside and the income of all my remaining personal property not disposed of otherwise in this will, *during her life-time.* If, for any reason, the *income of this trust fund be insufficient* for her comfortable support and maintenance and keeping my homestead in good repair, I authorize my said Trustees to use from the principal of said personal

property whatever may be necessary for those purposes. I give to my said Trustees full power and authority if, in their judgment it is best to do so, to sell both real and personal estate at public auction or at private sale and to convey the same by such deeds or other instruments as may be necessary to transfer the legal title thereto and I direct that all sums of money received *from the sale of either personal property or real estate shall become and be held as part of this trust and expended under the same rules and conditions as apply to the rest of the trust fund.* Upon the death of said Agnes S. Kezer, I direct that this trust shall terminate and I give, devise, and bequeath all property or estate, both real and personal, together with any accumulations then remaining in said trust fund, unto the Ipswich Hospital Corporation of Ipswich, Essex County, Massachusetts, the entire principal of the fund, which is to be known as the Wilfred P. Adams Fund, to be part of the permanent fund of the Ipswich Hospital Corporation, the income only of the fund to be used for the maintenance of the Cable Memorial Hospital" (emphasis supplied).

The record shows that at the time of the hearing on this petition Agnes S. Kezer was eighty-two years old, blind and unable to care for herself; she had been confined to a nursing home for more than a year and owed it $963 for her maintenance; she owed her sister $1,273.82 for her maintenance and her total assets approximated $1,800.

On October 10, 1958, pursuant to the power under the Adams will the trustee sold the real estate in the trust created under the will for an amount of money not disclosed in the record. At the time of the hearing on this petition, the proceeds of this sale constituted the only assets of the trust available for the support of Agnes.

It appears from a certified copy of the inventory filed in the Probate Court by the executors of the will of the testator that the only real estate in the estate of the testator was described as the "Homestead, Main Street Rowley, land with Dwelling House, Garage and outbuildings thereon." In inventories filed in the Probate Court by the trustees

named in the will of the testator and by succeeding trustees or trustee the real estate in the trust was obviously the same. We have certified copies of these inventories before us.

From the particular language used in paragraph 6 of this will we are satisfied that the judge was correct in deciding that the trustee was empowered to invade the proceeds from the sale of the "Homestead," which appears to be the only real estate left by the testator, for the comfortable support and maintenance of Agnes. It is apparent from a cursory reading of the will that Agnes was the primary object of the bounty of the testator. His solicitude for her is emphasized in no uncertain terms. She was not only to have the income from the personal property of the deceased but the trustee was authorized to invade the principal of the personal property for the comfortable support and maintenance of Agnes who had "so well and faithfully cared for me and my home for many years." In addition she was to have the "free use and income of my homestead where I now reside."

He also authorized his trustee to sell the real estate at public or private sale and directed that all sums of money received from the sale of the real estate should "become and be held as part of this trust and expended under the same rules and conditions as apply to the rest of the trust fund." This last quoted language when construed with other language of the will appears to us to express a definite intent on the part of the testator to treat the proceeds of the sale of the real estate in the same way as the personal property left by him.

We realize that ordinarily the proceeds of the sale of real estate retain their characteristics as real estate but we think that the expressed direction to make such proceeds part of the trust fund, to be expended under the same conditions as apply to the rest of the trust fund, is controlling. The decree of the Probate Court was therefore correct.

*Decree affirmed.*